IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>**THE NATIONAL CENTER FOR POLICY ANALYSIS,**<br><br>               Debtor. | Case No. 18-30453-BJH7<br><br>Chapter 7 |
| **KEVIN BUCHANAN, as Appointed Receiver of NATIONAL CENTER FOR POLICY ANALYSIS,**<br><br>               Plaintiff,<br>v.<br><br>**JAMES AMOS, JR., STEPHEN A. BATMAN, WILLIAM D. GROSS, RONALD S. IVY, DENNIS McCUISTION, JACKI PICK, REAGAN STEWART, ALLEN B. WEST, and MICHAEL L. WHALEN,**<br><br>               Defendants. | Adv. Proc. No. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1334, 1452, Federal Rule of Bankruptcy Procedure 9027, and Local Bankruptcy Rule 9027-1, Defendants James Amos, Jr., Stephen A. Batman, William D. Gross, Ronald S. Ivy, Dennis McCuistion, Jacki Pick, and Michael L. Whalen (collectively, "Defendants") file this Notice of Removal. In support thereof, Defendants would respectfully show the Court as follows:

## SUMMARY OF GROUNDS FOR REMOVAL

1. Removal to this Court is proper because all of the claims asserted in this action are property of the Debtor's bankruptcy estate. Accordingly, this Court has related-to jurisdiction pursuant to 28 U.S.C. §§ 1334 and 1452.

## FACTS

2. On February 7, 2018, The National Center for Policy Analysis ("Debtor") filed a voluntary petition in this Court for relief under Chapter 7 of the Bankruptcy Code. *See* Doc. No. 1 in Debtor's bankruptcy case.

3. On June 21, 2018, the Debtor's bankruptcy case was closed, one month after the Chapter 7 Trustee filed a Report of No Distribution.

4. On October 16, 2019, Kevin Buchanan, a purported receiver of the Debtor, filed a lawsuit for breach of fiduciary duties against Defendants herein, in Cause No. DC-19-16781 in the 44th Judicial District Court of Dallas County, Texas (the "State Court Lawsuit").

5. Because the claims asserted in the State Court Lawsuit were not adequately disclosed in Debtor's bankruptcy case, certain of the Defendants moved to reopen Debtor's bankruptcy case to administer this asset on behalf of all creditors. *See* Doc. No. 21 in Debtor's bankruptcy case.

6. On January 30, 2020, this Court entered an order reopening Debtor's bankruptcy case, holding that the claims asserted in the State Court Lawsuit were property of the Debtor's bankruptcy estate. *See* Doc. No. 31 in Debtor's bankruptcy case.

7. Because Movants are filing this removal within ninety days of the entry of the order reopening Debtor's bankruptcy case, this removal is timely under Federal Rule of Bankruptcy Procedure 9027(a)(2).

8. Further, because Defendant Dennis McCuistion's counsel accepted service on his behalf on January 17, 2020, this removal is timely under Federal Rule of Bankruptcy Procedure 9027(a)(3). *See* Waiver of Service, attached as **Exhibit A** and fully incorporated herein by reference.

## ARGUMENT AND AUTHORITY

9. 28 U.S.C. § 1452 provides that "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1334 provides in pertinent part that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11."

10. Proceedings are "related to" bankruptcy cases if "their outcome could conceivably have any effect on the estate being administered in bankruptcy." *In re Spillman Dev. Group, Ltd.*, 710 F.3d 299, 304 (5th Cir. 2013). A "conceivable effect" is "any that *could* alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which *in any way* impacts upon the handling and administration of the bankrupt estate." *Id.* (emphasis in original).

11. The Fifth Circuit has repeatedly held that even "attenuated, hypothetical effects of third-party litigation can give rise to related-to bankruptcy jurisdiction." *Id.* at 305. For example, in *Spillman*, the Fifth Circuit held that a creditor's lawsuit against third parties was "related to" a bankruptcy proceeding where the creditor's recovery in the lawsuit "would presumably diminish [the creditor's] deficiency claim against the bankruptcy estate, conceivably allowing a greater recovery for other unsecured creditors against the estate." *Id.*; *see also In re Stonebridge Techs.,*

*Inc.*, 430 F.3d 260, 266–67 (5th Cir. 2005) (finding related-to jurisdiction over third-party claims where collection on those claims could affect "the need for [a third party] to seek reimbursement from [the] bankruptcy estate").

12. In the present case, there is no such attenuation; the outcome of the State Court Lawsuit *directly* impacts the bankruptcy estate. As mentioned above, this Court entered an order reopening Debtor's bankruptcy case, holding that the claims asserted in the State Court Lawsuit are *property of the Debtor's bankruptcy estate*. *See* Doc. No. 31 in Debtor's bankruptcy case. As a result, any judgment against, or settlement with, Defendants will increase the size of the Debtor's bankruptcy estate, and such proceeds will be used pay the Debtor's previously unpaid creditors. Such an effect on a Debtor's estate is clearly sufficient to give this Court related-to bankruptcy jurisdiction. *In re Galaz*, 765 F.3d 426, 430 (5th Cir. 2014) (finding related-to jurisdiction where a judgment against [defendants] could, at least conceivably, increase the size of [the debtor's] bankruptcy estate").

13. Under the standard for "related to" jurisdiction, removal of the State Court Lawsuit is proper, and Defendants consent to entry of final orders and judgment by this Court.

14. Pursuant to Local Bankruptcy Rule 9027-1, a copy of the docket sheet and all pleadings from the State Court Lawsuit are attached as **Exhibit B.**

**WHEREFORE,** Defendants respectfully remove the State Court Lawsuit from 44th Judicial District Court of Dallas County, Texas to this Court.

Respectfully submitted,

| | |
|---|---|
| **BELL NUNNALLY & MARTIN LLP** | **KENNEDY LAW, P.C.** |
| /s/ *Russell W. Mills* | /s/ *Stephen A. Kennedy* |
| R. Heath Cheek (application pending) | Stephen A. Kennedy |
| State Bar No. 24053141 | Texas State Bar No. 11300425 |
| Russell W. Mills | Michelle D. Daniel |
| Texas State Bar No. 00784609 | State Bar No. 05360550 |
| R. Kent Love | 1445 Ross Avenue, Suite 2750 |
| Texas State Bar No. 24102114 | Dallas, Texas 75202 |
| 2323 Ross Avenue, Suite 1900 | 214.716.4343 (Telephone) |
| Dallas, Texas 75201 | 214.593.2821 (Facsimile) |
| 214.740.1400 (Telephone) | skennedy@saklaw.net |
| 214.740.1499 (Facsimile) | mdaniel@saklaw.net |
| hcheek@bellnunnally.com | |
| rmills@bellnunnally.com | **ATTORNEYS FOR WILLIAM D. GROSS** |
| klove@bellnunnally.com | **AND DENNIS McCUISTION** |

**ATTORNEYS FOR JAMES AMOS, JR., RONALD S. IVY, JACKI PICK, AND MICHAEL L. WHALEN**

-and-

**ROBERTS CUNNINGHAM & STRIPLING LLP**

/s/ *H.N. Cunningham, III*
H.N. Cunningham, III
Texas State Bar No. 05246900
John P. Tufnell
State Bar No. 24047003
13155 Noel Road, Suite 900
Dallas, Texas 75240
214.696.3200 (Telephone)
214.696.5971 (Facsimile)
hnciii@aol.com
jtufnell@gmail.com

**ATTORNEYS FOR STEPHEN A. BATMAN**

## CERTIFICATE OF SERVICE

   I hereby certify that on February 3, 2020, a true and correct copy of the foregoing was served, upon filing, via the Court's CM/ECF system upon those parties subscribing thereto and on the following parties in the manner indicated below:

**VIA EMAIL AND FIRST CLASS MAIL, POSTAGE PREPAID**

Darrell W. Cook
Catherine A. Keith
6688 North Central Expressway, Suite 1000
Dallas, Texas 75206
dwcook@attorneycook.com
catherine@attorneycook.com

*Counsel for Plaintiff*

**VIA FIRST CLASS MAIL, POSTAGE PREPAID**

Allen B. West
9925 Wood Forest Drive
Dallas, Texas 75243

**VIA FIRST CLASS MAIL, POSTAGE PREPAID**

Reagan Stewart
6939 Meadow Lake Avenue
Dallas, Texas 75214

            /s/ *R. Kent Love*
            R. Kent Love