IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>THE NATIONAL CENTER FOR<br>POLICY ANALYSIS,<br><br>     Debtor. | Case No. 18-30453-BJH7<br>Chapter 7 |
| KEVIN BUCHANAN, as Appointed<br>Receiver of NATIONAL CENTER FOR<br>POLICY ANALYSIS,<br><br>     Plaintiff,<br>v.<br><br>JAMES AMOS, JR., STEPHEN A.<br>BATMAN, WILLIAM D. GROSS,<br>RONALD S. IVY, DENNIS<br>McCUISTION, JACKI PICK, REAGAN<br>STEWART, ALLEN B. WEST, and<br>MICHAEL L. WHALEN,<br><br>     Defendants. | Adv. Proc. No. 20-03013-BJH |

RULE 12(b)(6) MOTION TO DISMISS
BY DEFENDANTS GROSS AND McCUISTION

Stephen A. Kennedy
State Bar No. 11300425

Kennedy Law, P.C.
1445 Ross Avenue, Suite 2750
Dallas, TX 75202
(T) 214.716.4343
(F) 214.593.2821
Email: skennedy@saklaw.net

# **Table of Contents**

TABLE OF AUTHORITIES ......................................................................................iii

SUMMARY OF MOTION.............................................................................. 1

BACKGROUND .......................................................................................... 1

   A.    Procedural Posture. ............................................................................ 1

   B.    The Breach of Fiduciary Duty Allegations. ..................................... 4

ARGUMENT AND AUTHORITY ............................................................... 7

   A.    As a Threshold Matter, This Court Should Dismiss Plaintiff's Claims Because He Lacks Standing. ..................................................... 7

   B.    Even if Plaintiff Has Standing, His Claim Must Be Dismissed for Failure to State A Claim. ...................................................................... 8

      1.  Plaintiff's Claims Are Subject to the Heightened Pleading Requirements of Rule 9(b). ........................................................................ 9

      2.  To State a Claim, Plaintiff Must Allege Sufficient Facts on Each Element of Breach of Fiduciary Duty and to Negate the Statutory Safe Harbor. ................ 11

      3.  Under Any Pleading Standard, Plaintiff's Petition Falls Short and Must Be Dismissed. .......................................................................... 13

      (i)    Plaintiff's Petition Impermissibly Groups All Defendants Together. ....... 14

      (ii)   Each of Plaintiff's Factual Allegations Are Insufficient to State a Claim. 16

CONCLUSION................................................................................................ 26

CERTIFICATE OF SERVICE ..................................................................... 29

ii

# <u>Table of Authorities</u>

Cases

*Lovelace v. Software Spectrum Inc.*,
78 F.3d 1015 (5th Cir. 1996) ..................................................................................... 2

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ..................................................................................... 9, 14, 27

*Batey v. Droluk*, 01-12-01058-CV,
2014 WL 1408115 (Tex. App.—Houston [1st Dist.] Apr. 10, 2014, no pet.)..... 11, 12

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ............................................................................................ 9, 14

*Brown v. Bilek,*
401 Fed. Appx. 889 (5th Cir. 2010)........................................................................ 19

*Brown v. Whitcraft*,
CIV.A.3:08CV0186-D, 2008 WL 2066929 (N.D. Tex. May 15, 2008) ................ 9, 10

*Cinel v. Connick*,
15 F.3d 1338 (5th Cir. 1994) .................................................................................... 2

*Ebert v. Gustin*,
4:15-CV-00225-O, 2016 WL 11663146 (N.D. Tex. 2016) .......................................... 9

*F.D.I.C. v. Benson*,
867 F. Supp. 512 (S.D. Tex. 1994) .................................................................... 12, 17

*Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*,
565 F.3d 200 (5th Cir. 2009) ............................................................................ 10, 17

*Gearhart Indus., Inc. v. Smith Intern., Inc.*,
741 F.2d 707 (5th Cir. 1984) .................................................................... 11, 12, 17

*In re Moore*,
608 F.3d 253 (5th Cir. 2010) ................................................................................... 7

*In re W. Nat. Gas, L.L.C.*,
2004 WL 1945312 (Bankr. N.D. Tex. July 7, 2004) .................................... 14, 15, 16

*Ingalls v. Edgewater Private Equity Fund III, L.P.*,
2005 WL 2647962 (S.D. Tex. Oct. 17, 2005) ........................................................... 10

*Litson-Gruenber v. JPMorgan Chase & Co.*,
CIV.A. 7:09-CV-056-0, 2009 WL 4884426 (N.D. Tex. Dec. 16, 2009) ................ 9, 11

*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992) ................................................................................................. 7

*Matter of ATP Oil & Gas Corp.*,
711 Fed. Appx. 216 (5th Cir. 2017) ......................................................................... 12

*Matter of Estate of Poe*,
08-18-00015-CV, 2019 WL 4058592 (Tex. App.—El Paso 2019, no pet.) ......... 11, 12

*Navigant Consulting, Inc. v. Wilkinson*,
508 F.3d 277 (5th Cir. 2007) .............................................................................. 11, 17

*O'Hern v. Mughrabi*,
579 S.W.3d 594 (Tex. App.—Houston [14th Dist.] 2019, no pet.) ......................... 13

*PSKS, Inc. v. Leegin Creative Leather Products, Inc.*,
615 F.3d 412 (5th Cir. 2010) .................................................................................... 9

*Repass v. AT & T Pension Benefit Plan*,
3:14-CV-2686-L, 2015 WL 5021405 (N.D. Tex. Aug. 25, 2015) ............................ 9

*See Kane v. Nat'l Union Fire Ins. Co.*,
535 F.3d 380 (5th Cir. 2008) .................................................................................... 7

*Sneed v. Webre*,
465 S.W.3d 169 (Tex. 2015) .............................................................................. 12, 20

*Thompson v. City of Waco, Texas*,
764 F.3d 500 (5th Cir. 2014) ............................................................................... 9, 16

*U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*,
125 F.3d 899 (5th Cir. 1997) .............................................................................. 10, 18

*Vernco Constr., Inc. v. Nelson*,
460 S.W.3d 145 (Tex. 2015) .................................................................................... 7

*Young v. Heins*,
   2017 WL 2376828 (Tex. App.—Houston [1st Dist.] 2017, pet. den.)......................13

## Statutes

11 U.S.C. § 554.....................................................................................................7

TEX. BUS. ORG. CODE § 22.001(1)...............................................................13

TEX. BUS. ORG. CODE § 22.001(3-a) ............................................................13

TEX. BUS. ORG. CODE § 22.221 .............................................................13, 17

TEX. BUS. ORG. CODE § 22.235 .............................................................13, 17

## RULE 12(b)(6) MOTION TO DISMISS
## BY DEFENDANTS GROSS AND McCUISTION

Defendants William D. Gross ("Gross") and Dennis McCuistion ("McCuistion") (collectively, "Movants") submit this Motion to Dismiss Plaintiff's Claims Pursuant to FED. R. CIV. P. 12(b)(6), made applicable in this proceeding under Federal Rule of Bankruptcy Procedure 7012, and presents the following arguments and authorities.

## SUMMARY OF MOTION

In this removed state court action for breach of fiduciary duty against the Debtor's directors and officers, this Court should dismiss Plaintiff's claims against Movants because this Court has entered an order holding that the claims Plaintiff asserted are owned by the Debtor's estate, not Plaintiff. Even if this were not the case, as explained below, Plaintiff's Original Petition fails to allege enough facts to state a claim to relief that is plausible on its face.

## BACKGROUND

### A.     Procedural Posture.

The relevant background of this case is undisputed. The National Center for Policy Analysis ("NCPA") was a non-profit economic think tank located in Dallas, Texas. *See* Plaintiff's Original Petition (the "Petition"), ¶¶ 15-18.

On May 5, 2016, Richard W. Walker ("Walker") filed suit against NCPA for breach of contract in Cause No. DC-16-05388 in the 298th Judicial District Court of

Dallas County, Texas (the "2016 Lawsuit").[1] On September 20, 2017, Walker obtained a final judgment against NCPA in the 2016 Lawsuit in the principal amount of $160,972.83 (the "Judgment").

On January 11, 2018, Walker, on behalf of NCPA, filed a lawsuit for breach of fiduciary duties against certain of NCPA's directors and officers in Cause No. DC-18-00398 in the 44th Judicial District Court of Dallas County, Texas (the "2018 Lawsuit").

On February 7, 2018, NCPA filed a voluntary petition in this Court for relief under Chapter 7 of the Bankruptcy Code ("NCPA's Bankruptcy Case"). *See* Doc. No. 1. On the same day, NCPA filed its schedules of assets and liabilities, but did not list the claims asserted on behalf of NCPA in the 2018 Lawsuit as an asset of the estate. *See* Doc. No. 2.

On June 21, 2018, NCPA's Bankruptcy Case was closed, one month after the Chapter 7 Trustee filed a Report of No Distribution. *See* Doc. No. 20.

On August 22, 2018, and after NCPA dissolved following the closing of its bankruptcy case, Walker assigned the Judgment against NCPA to an entity called Fiscal Solutions, LLC ("Fiscal Solutions"). *See* Exhibit A ¶ 2 (referenced below).

On May 31, 2019, Fiscal Solutions, as Walker's assignee of the Judgment, filed an ex parte Motion for Post-Judgment Receiver in the 2016 Lawsuit, without giving

---

[1] In deciding a motion to dismiss for failure to state a claim, courts may consider not only the facts stated in the complaint and the documents attached thereto, but also matters of which courts may take judicial notice as well as matters of public record. *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996); *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994). Specifically, the Court may take judicial notice of documents filed in another court to obtain the undisputed procedural history of the case. *See, e.g., Mathers Family Tr. ex rel. Mathers v. Cagle*, 3:13-CV-1035-M, 2013 WL 3455489, at *2 (N.D. Tex. July 8, 2013).

notice to anyone. A true and correct copy of Plaintiff's Motion for Post-Judgment Receiver is attached as Exhibit A and fully incorporated herein by reference.

In the motion, Fiscal Solutions requested the court appoint Kevin Buchanan as NCPA's receiver and order NCPA to turn over to the receiver any and all rights to file breach of fiduciary duty claims against NCPA's directors and officers. *See* Exhibit A ¶¶ 14-22.

Fiscal Solutions, which had recently purchased the $160,972.83 Judgment from Walker for an undisclosed amount, requested that any proceeds obtained from the breach of fiduciary duty claims be paid only to satisfy the Judgment it purchased from Walker and not to any of NCPA's other creditors in its bankruptcy case. *See* Exhibit A ¶¶ 14-15.

On June 7, 2019, the court in the 2016 Lawsuit entered an order granting the relief requested in the Motion for Post-Judgment Receiver.

On October 16, 2019, Kevin Buchanan, the purported receiver of NCPA ("Plaintiff"), filed the instant lawsuit for breach of fiduciary duties against certain directors and officers of NCPA, in Cause No. DC-19-16781 in the 44th Judicial District Court of Dallas County, Texas, claiming in excess of $1,000,000 in damages. Petition, ¶ 2.

On January 30, 2020, this Court entered an order reopening NCPA's Bankruptcy Case, holding that all of the claims asserted in Plaintiff's lawsuit were property of NCPA's bankruptcy estate:

> Based on the evidence presented to the Court and the arguments of counsel, the Court finds that (i) any and all claims for breach of fiduciary

duty against the Debtor's officers and directors, including, without limitation, the claims asserted in the case styled Kevin Buchanan, as Appointed Receiver of National Center for Policy Analysis v. James Amos, Jr., et al., Cause No. DC-19-16781 in the 44th Judicial District Court of Dallas County, Texas (the "Claims") were not adequately disclosed in the Debtor's bankruptcy case; (ii) the Claims were not abandoned to the Debtor upon the closing of the bankruptcy case under 11 U.S.C. § 554(c); and (iii) the Claims remain property of the estate pursuant to 11 U.S.C. § 554(d).

*See* Doc. No. 31 in NCPA's Bankruptcy Case.

Pursuant to 28 U.S.C. §§ 1334 and 1452, certain of the Defendants removed Plaintiff's lawsuit from the 44th Judicial District Court of Dallas County, Texas to this Court. *See* Doc. No. 33 in NCPA's Bankruptcy Case.

**B.      The Breach of Fiduciary Duty Allegations.**

NCPA was a non-profit economic think tank located in Dallas, Texas, which operated from 1982 until its bankruptcy in 2018. *See* Petition ¶¶ 15-18, 29. Among other endeavors, NCPA developed ideas and policy proposals that were adopted by legislators throughout the country. *See* Petition ¶ 16.

Plaintiff's Petition alleges breach of fiduciary duty against nine separate defendants, whom he asserts were all either officers or members of NCPA's board of directors. *See* Petition ¶¶ 4-12. In the Petition, Plaintiff takes a "shotgun" approach, asserting a slew of alleged breaches without factual support, none of which, even if taken as true, rise to the level of a breach of fiduciary duty to NCPA. Plaintiffs allege that the defendants:

- engaged the services of an unidentified public relations strategist (¶ 32);

4

- published unidentified false and defamatory statements about John Goodman (¶ 33);

- filed "a number of [unidentified] frivolous lawsuits" (¶ 34);

- sued Mike Baggett in an attempt to "embarrass, humiliate, and extort money" (¶ 35);

- hired a CFO who later allegedly embezzled money (¶ 39a);

- failed to implement and observe unidentified "rigorous financial standards" (¶ 39b);

- hired unidentified executives "without requiring full time commitments" (¶ 39c);

- sold NCPA's online library for an unspecified amount, which Plaintiff alleges was "minimal" (¶ 39d-g);

- "showed a blatant disregard for the wishes of donors" and "the interest of creditors" (¶ 39h);

- failed to pay expenses (¶ 39i);

- failed to "obtain the necessary authority" in unidentified "operations decisions" and in the "negotiation and sale of [unidentified] NCPA assets" (¶ 39k-l);

- sold unidentified NCPA assets at "below market value" (¶ 39m);

- "mismanaged" unidentified funds (¶ 39n); and

- failed to share meeting minutes with unidentified members of the board (¶ 39o).

*See* Petition, ¶¶ 32-35, 39.

As explained in detail below, Plaintiff's Petition makes no mention of when each defendant was alleged to have been an officer or director or even if any of the defendants were officers or directors at the time of the complained-of transactions or occurrences listed in Paragraphs 32-35 and 39 of the Petition. In fact, after listing

5

each of the defendants in the "Parties" section of the Petition, Plaintiff does not identify Movants, or any of the defendants, by name. Instead, when listing the alleged breaches of fiduciary duty in Paragraphs 32-35 and 39, Plaintiff globally asserts that all defendants (whom he refers to as "executives and board members of the NCPA") are responsible for the alleged breaches. *See* Petition, ¶¶ 32-35, 39. The Petition never specifies which of the nine defendants, if any, were involved in the particular action or omission listed. This distinction is necessary because some of the Defendants either left the board before the acts complained of, or did not join the board until after the acts complained of occurred.

For example, Movant Gross was a volunteer director for approximately two years, and was unaware that the NCPA Chief Executive Officer (Goodman) had allegedly engaged in sexual harassment of NCPA employee Sheri Collins until after he joined the board; this topic was discussed during the first board meeting that Gross attended. Movant McCuistion joined the board approximately three months after Gross, and was tasked with trying to repair and resolve the existing problems created by the previous Chief Executive Officer. Hence, the long list of alleged wrongdoing recounted in the Petition does not correspond to the time when Gross and McCuistion were NCPA board members.

Plaintiff's Petition also does not allege any facts negating the statutory safe harbor provided for directors and officers of non-profit corporations, which provides, in relevant part, that a director or officer cannot be found liable unless the director or officer "did not act: (1) in good faith; (2) with ordinary care; and (3) in a manner

the director reasonably believed to be in the best interest of the corporation." Tex. Bus. Org. Code §§ 22.221, 22.235. This is particularly true for Defendant William Gross, who never received any salary or benefits while serving on the board of NCPA.

Because all of the claims asserted in Plaintiff's lawsuit fail to state a claim upon which relief can be granted, Movants file this motion to dismiss.

## ARGUMENT AND AUTHORITY

### A. As a Threshold Matter, This Court Should Dismiss Plaintiff's Claims Because He Lacks Standing.

Standing is "an indispensable part of the plaintiff's case." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). The standing inquiry focuses on the question of who may bring an action. *Vernco Constr., Inc. v. Nelson*, 460 S.W.3d 145, 149 (Tex. 2015).

Upon the filing of NCPA's bankruptcy petition on February 7, 2018, all of its assets, including causes of action, vested in the bankruptcy estate. *See Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d 380, 385 (5th Cir. 2008). At that time, the Chapter 7 Trustee, as the representative of NCPA's bankruptcy estate, became the real party in interest, and the only party with standing to prosecute causes of action belonging to the estate. *See id.* Once an asset becomes part of the bankruptcy estate, all rights held by the debtor in the asset are extinguished unless the asset is abandoned by the trustee to the debtor pursuant to 11 U.S.C. § 554. *Id.*; *see also In re Moore*, 608 F.3d 253, 261 (5th Cir. 2010).

In the present case, as mentioned above, this Court entered an order holding that all of the claims asserted in Plaintiff's lawsuit were never abandoned by the Chapter 7 Trustee and remain property of NCPA's bankruptcy estate:

> Based on the evidence presented to the Court and the arguments of counsel, the Court finds that (i) any and all claims for breach of fiduciary duty against the Debtor's officers and directors, including, without limitation, the claims asserted in the case styled *Kevin Buchanan, as Appointed Receiver of National Center for Policy Analysis v. James Amos, Jr., et al.*, Cause No. DC-19-16781 in the 44th Judicial District Court of Dallas County, Texas (the "Claims") were not adequately disclosed in the Debtor's bankruptcy case; (ii) the Claims were not abandoned to the Debtor upon the closing of the bankruptcy case under 11 U.S.C. § 554(c); and (iii) the Claims remain property of the estate pursuant to 11 U.S.C. § 554(d).

*See* Doc. No. 31 in NCPA's Bankruptcy Case. As a result, when Plaintiff obtained his order in state court for NCPA to turn over the claims to him on June 7, 2019, NCPA *did not own the claims* because they were never abandoned back to NCPA upon the closing of its bankruptcy case approximately one year prior. To put it another way, on the date of the turnover order, NCPA did not, and still does not, possess the claims to turn them over to Plaintiff.

Accordingly, because the Chapter 7 Trustee owns the claims that are being asserted by Plaintiff, Plaintiff lacks the required standing to maintain this action, and this Court should dismiss Plaintiff's case on this ground alone.

## B. Even if Plaintiff Has Standing, His Claim Must Be Dismissed for Failure to State A Claim.

The only cause of action alleged in the Petition — breach of fiduciary duty — must be dismissed under Rule 12(b)(6) because Plaintiff failed to allege enough facts to state a claim to relief that is plausible on its face. To survive a Rule 12(b)(6) motion

to dismiss, "a plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Thompson v. City of Waco, Texas*, 764 F.3d 500, 503 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The tenet that a court must accept as true all well-pleaded facts in the complaint is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, the complaint "must state 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *PSKS, Inc. v. Leegin Creative Leather Products, Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). When the allegations do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Repass v. AT & T Pension Benefit Plan*, 3:14-CV-2686-L, 2015 WL 5021405, at *1 (N.D. Tex. Aug. 25, 2015) (citing *Iqbal*, 556 U.S. at 679).

### 1. Plaintiff's Claims Are Subject to the Heightened Pleading Requirements of Rule 9(b).

A breach of fiduciary duty claim is subject to the heightened pleading requirements of Rule 9(b) when the claim is "premised on allegations of fraud." *See Litson-Gruenber v. JPMorgan Chase & Co.*, CIV.A. 7:09-CV-056-0, 2009 WL 4884426, at *4 (N.D. Tex. Dec. 16, 2009); *Ebert v. Gustin*, 4:15-CV-00225-O, 2016 WL 11663146, at *6 (N.D. Tex. May 19, 2016); *Brown v. Whitcraft*, CIV.A.3:08CV0186-D, 2008 WL 2066929, at *4 (N.D. Tex. May 15, 2008) ("[B]y premising his breach of fiduciary duty claim on fraud, the Receiver subjects his pleadings to the heightened pleading standard of Rule 9(b)."); *Ingalls v. Edgewater Private Equity Fund III, L.P.*, 2005 WL

2647962, at *5 (S.D. Tex. Oct. 17, 2005) (holding that Rule 9(b) applies where plaintiff's "breach of fiduciary duty claim rests on an allegation of fraud").

Plaintiff's Petition contains several allegations of fraud, including that (i) defendants caused NCPA to publish "false and defamatory statements about Dr. Goodman in press releases, email messages, and website postings" (Paragraph 33); (ii) defendants caused NCPA to "file a number of frivolous lawsuits . . . which contained false, defamatory, and highly salacious language . . . [in an attempt] to embarrass, humiliate, and extort money" (Paragraphs 34-35); (iii) defendants "began stripping out assets and selling them at below market value" (Paragraph 39(m)); and (iv) defendants "illegally and improperly used" in excess of one million dollars for improper purposes (Paragraph 39(n)). Indeed, Plaintiff asks this Court to award exemplary damages "resulting from ***Defendants' fraud.***" Petition, ¶ 44. Accordingly, by premising his breach of fiduciary duty claim on allegations of fraud, Plaintiff has subjected his claim to the heightened pleading requirements of Rule 9(b). *See Whitcraft*, 2008 WL 2066929, at *4 (Fitzwater, J.).

The Fifth Circuit "interprets Rule 9(b) strictly, requiring the plaintiff to 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009) (citations omitted). At a minimum, Rule 9(b) requires that a plaintiff set forth the "who, what, when, where, and how" of the alleged fraud. *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997).

Facts and circumstances constituting charged fraud must be specifically demonstrated and cannot be presumed from vague allegations. *Litson-Gruenber v. JPMorgan Chase & Co.*, CIV.A. 7:09-CV-056-O, 2009 WL 4884426, at *4 (N.D. Tex. Dec. 16, 2009). Plaintiff's bare-bones pleading comes nowhere close to meeting this pleading standard.

> 2.  **To State a Claim, Plaintiff Must Allege Sufficient Facts on Each Element of Breach of Fiduciary Duty and to Negate the Statutory Safe Harbor.**

Under Texas law, the "elements of a breach of fiduciary duty claim are: (1) a fiduciary relationship between the plaintiff and defendant; (2) the defendant must have breached his fiduciary duty to the plaintiff; and (3) the defendant's breach must result in injury to the plaintiff or benefit to the defendant." *Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277, 283 (5th Cir. 2007). To prevail on a breach of fiduciary duty claim, the plaintiff must plead and prove that the director or officer breached one or more of three duties which are owed under Texas law: namely, the duties of obedience, loyalty, and due care. *Gearhart Indus., Inc. v. Smith Intern., Inc.*, 741 F.2d 707, 719 (5th Cir. 1984).

The duty of obedience requires a director to avoid acting beyond the scope of their enumerated powers (also referred to as *ultra vires* acts). *Matter of Estate of Poe*, 08-18-00015-CV, 2019 WL 4058592, at *19 (Tex. App.—El Paso Aug. 28, 2019, no pet.). The duty of loyalty concerns a director's personal usurping a corporate opportunity or transacting with the company (also referred to as self-dealing). *Batey v. Droluk*, 01-12-01058-CV, 2014 WL 1408115, at *13 (Tex. App.—Houston [1st Dist.] Apr. 10, 2014, no pet.). The duty of care requires a director or officer to "handle his

corporate duties with such care as 'an ordinarily prudent man would use under similar circumstances.'" *Id.* (quoting *Gearhart*, 741 F.2d at 720).

The duty of care is subject to the business judgment rule. *Poe*, 2019 WL 4058592, at *19. In Texas, the business judgment rule protects corporate directors and officers "from liability for acts that are within the honest exercise of their business judgment and discretion." *Sneed v. Webre*, 465 S.W.3d 169, 173 (Tex. 2015). Accordingly, directors and officers will not be held liable for actions "that are negligent, unwise, inexpedient, or imprudent if the actions were within the exercise of their discretion and judgment in the development or prosecution of the enterprise in which their interests are involved." *Id.* at 178. Under the business judgment rule, Texas courts "will not interfere with decisions made by a corporation's officers or directors based on allegations of mismanagement, neglect, or abuse of discretion." *Matter of ATP Oil & Gas Corp.*, 711 Fed. Appx. 216, 221 (5th Cir. 2017). The business judgment rule specifically "applies to protect the board of directors' decision to pursue or forgo corporate causes of action." *Sneed*, 465 S.W.3d at 178. The plaintiff has the burden of pleading and proof to avoid the reach of the business judgment rule in Texas. *F.D.I.C. v. Benson*, 867 F. Supp. 512, 521 (S.D. Tex. 1994).

Finally, when a plaintiff attempts "to establish liability against [a director] of a nonprofit corporation,[2] he must negate the statutory safe harbor provided in the Texas Business Organizations Code, which provides in pertinent part:

> (b) A director is not liable to the corporation, a member, or another person for an action taken or not taken as a director if the director acted

---

[2] NCPA was a nonprofit corporation. *See* Petition, ¶ 3.

in compliance with this section. ***A person seeking to establish liability of the director must prove that a director did not act:***

(1) in good faith;

(2) with ordinary care; and

(3) in a manner the director reasonably believed to be in the best interest of the corporation.

TEX. BUS. ORG. CODE § 22.221." *O'Hern v. Mughrabi*, 579 S.W.3d 594, 604–05 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (emphasis added).[3]

Consistent with the statutory text, Texas courts have held that the burden of proving the elements listed in the "safe harbor" provision rests with the person seeking to impose liability on the director of the nonprofit corporation. *O'Hern*, 579 S.W.3d at 605 (collecting cases); *see also Young v. Heins*, 01-15-00500-CV, 2017 WL 2376828, at *8 (Tex. App.—Houston [1st Dist.] June 1, 2017, pet. denied) (stating that the "safe harbor" provision "makes clear that the party seeking to impose liability on a director bears the burden of proof"). In addition to directors, the Texas legislature extended the same "safe harbor" to officers of nonprofit corporations, who cannot be found liable for breach of fiduciary duty unless the officer's conduct was not exercised: (i) in good faith; (ii) with ordinary care; and (iii) in a manner the officer reasonably believes to be in the best interest of the corporation. TEX. BUS. ORG. CODE § 22.235.

### 3. Under Any Pleading Standard, Plaintiff's Petition Falls Short and Must Be Dismissed.

---

[3] A "director" is defined by the statute to mean "a person who is a member of the board of directors." TEX. BUS. ORG. CODE § 22.001(3-a). In turn, the "board of directors" means "the group of persons vested with the management of the affairs of the corporation, regardless of the name used to designate the group." TEX. BUS. ORG. CODE § 22.001(1).

The only factual allegations which Plaintiff claims constitute breaches of fiduciary duty are contained in Paragraphs 32-35 and 39 of the Petition. As a threshold matter, all of the allegations suffer from the same fatal flaw. That is, Plaintiff globally asserts that all defendants are responsible for all of the actions or omissions he complains of, without identifying any of the defendants by name or specifying whether and how each defendant in particular was involved in each transaction or occurrence. Even if this were not the case, as outlined below, Paragraphs 32-35 and 39 of the Petition also fail to allege sufficient facts to state a claim to relief under both *Iqbal* and *Twombly*'s plausibility standard as well as the heightened pleading requirements of Rule 9(b).

### (i) Plaintiff's Petition Impermissibly Groups All Defendants Together.

Plaintiff's Petition should be dismissed because he groups all defendants together and fails to specify whether any of the Movants participated in any of the transactions listed in Paragraphs 32-35 and 39. For example, in *In re W. Nat. Gas, L.L.C.*, 2004 WL 1945312, at *2 (Bankr. N.D. Tex. July 7, 2004) Judge Felsenthal dismissed a breach of fiduciary duty cause of action under Rule 12(b)(6) where the complaint generally alleged that all defendants were directors and officers who breached their fiduciary duties but failed to specifically allege whether the movant was a director and officer at the time of the transactions and whether and how the movant was involved in each transaction:

> In count two, Seidel alleges that the defendants were directors and officers of the debtor and, while acting in that capacity, breached their fiduciary duty to the debtor for the transactions generally described in

14

> paragraphs 14 to 22 of the complaint. The complaint does not state a short and plain statement of the claim as it pertains to McLaughlin. While the complaint alleges that all the defendants were directors or officers and/or shareholders and insiders of the debtor, the complaint contains no specific allegation concerning McLaughlin. The complaint does not specifically allege that he was an officer or director at the time of the transactions. The complaint does not allege when the transactions occurred or who had been involved. The complaint does not contain a short and precise statement of what McLaughlin is alleged to have done. The complaint does not allege McLaughlin's involvement in any specific action or transaction. As a result, the complaint does not comply with Rule 8(a) and, consequently, does not state a claim for relief.

2004 WL 1945312, at *2 (Bankr. N.D. Tex. July 7, 2004). Like the complaint in *In re W. Nat. Gas, L.L.C.*, the Petition in this case fails to allege when any of the Movants were directors or officers of NCPA, let alone whether they were directors or officers at the time of the complained of transactions. Thus, by reason of this failure alone, Plaintiff has failed to plead sufficient facts to show the very first element of his cause of action — that a fiduciary relationship between the plaintiff and defendant existed at the time of the complained of transactions.

Like the plaintiff in *In re W. Nat. Gas, L.L.C.*, Plaintiff also fails to specify which of the nine defendants were involved in any of the transactions or supported the conduct. In fact, other than Section III, entitled "Parties," the Petition does not once identify any of the defendants by name. Instead, for every transaction or occurrence complained of, Plaintiff merely alleges "NCPA executives and board members" were responsible for such action. *See* Petition, ¶¶ 32-35, 39. Plaintiff fails to specify how any of the Movants were involved in any of the transactions or what any of the Movants were alleged to have done. This type of pleading is exceptionally problematic here, because Plaintiff has named some (but not all) of the board of

15

directors over a multi-year period. As stated above, Movant Gross was a volunteer director for approximately two years, and was unaware that the NCPA Chief Executive Officer (Goodman) had allegedly engaged in sexual harassment of NCPA employee Sheri Collins until after he joined the board; this topic was discussed during the first board meeting that Gross attended. Movant McCuistion joined the board approximately three months after Gross and was tasked with trying to repair and resolve the existing problems created by the previous Chief Executive Officer. Hence, the long list of alleged wrongdoing recounted in the Petition does not correspond to the time when Gross and McCuistion were NCPA board members.

By impermissibly grouping the Defendants together and not specifically identifying the time periods of the actions in question, Plaintiff is holding some Defendants in the lawsuit on claims which have absolutely nothing to do with them.

As shown in *In re W. Nat. Gas, L.L.C.*, this type of "shotgun" pleading does not even comply with Rule 8(a), let alone the heightened pleading standard applicable to breach of fiduciary duty claims premised on allegations of fraud. Accordingly, this Court should dismiss Plaintiff's lawsuit for failure to state a claim on this ground alone.

### (ii)     Each of Plaintiff's Factual Allegations Are Insufficient to State a Claim.

As stated above, to survive a Rule 12(b)(6) motion to dismiss, Plaintiff "must plead enough facts to state a claim to relief that is plausible on its face." *Thompson v. City of Waco, Texas*, 764 F.3d 500, 503 (5th Cir. 2014). Specifically, Plaintiff must plead sufficient facts on each element of his breach of fiduciary duty claim: (i) a

16

fiduciary relationship existed, (ii) Movants breached their duty, and (iii) the breach resulted in injury to Plaintiff or benefit to Movant. *Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277, 283 (5th Cir. 2007). Under Texas law, Plaintiff must allege sufficient facts to show that each of the Movants breached either their duty of obedience (*i.e.*, by acting beyond the scope of the corporation's enumerate powers), duty of loyalty (*i.e.*, by usurping corporate opportunities or self-dealing), or their duty of care (*i.e.,* by failing to act as an ordinarily prudent man would use under similar circumstances). *Gearhart Indus., Inc. v. Smith Intern., Inc.*, 741 F.2d 707, 719 (5th Cir. 1984). Again, for example, given that Defendant William Gross never received any salary or benefits from his position at NCPA, it is impossible for Plaintiff to show self-dealing in his case. Plaintiff must allege sufficient facts avoiding the business judgment rule. *F.D.I.C. v. Benson*, 867 F. Supp. 512, 521 (S.D. Tex. 1994).

Plaintiff must negate the statutory safe harbor provided for directors and officers of nonprofit corporations by showing that each Movant did not act: (i) in good faith, (ii) with ordinary care, and (iii) in a manner the Movant reasonably believed to be in the best interest of the corporation. Tex. Bus. Org. Code §§ 22.221, 22.235.

Finally, at least for those aspects of Plaintiff's claim that are "premised on allegations of fraud," Plaintiff must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009) (citations omitted). In other words, Rule 9(b) requires that a plaintiff set forth the "who, what, when,

where, and how" of the alleged fraud. *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997). As shown below, each of the allegations contained in Paragraphs 32-35 and 39 of the Petition fall far short of these standards.

**In Paragraph 32 of the Petition,** Plaintiff alleges that "engaging the services of a public relations strategist" was "grossly negligent." In addition to failing to identify which, if any, of the particular defendants were involved or how they were involved in this decision,[4] Plaintiff fails to plead any facts showing that this decision was not made (i) in good faith, (ii) with ordinary care, and (iii) in a manner reasonably believed to be in the best interest of the corporation. Plaintiff fails to allege any facts showing how the hiring of public relations strategist violated Movants' duties of obedience, loyalty, or care. Plaintiff does not plead facts avoiding the Texas business judgment rule. In addition, the elements of "gross negligence" do not encompass the elements of breach of fiduciary duty. Thus, a breach of fiduciary duty claim has not been pled regarding this allegation.

**In Paragraph 33 of the Petition,** Plaintiff alleges that the "executives and board members of the NCPA" caused NCPA to publish "false and defamatory statements about Dr. Goodman in press releases, email messages, and website postings." In violation of Rule 9(b), Plaintiff fails to specify the statements he contends were false, identify the speaker, state when and where the statements were made, or explain why the statements were false and defamatory. The Fifth Circuit's

---

[4] As mentioned, this pleading defect is present in each and every allegation.

opinion in *Brown v. Bilek,* 401 Fed. Appx. 889, 893 (5th Cir. 2010) provides a good example of why this pleading is deficient. There, in applying Rule 9(b)'s pleading requirements to the plaintiff's breach of fiduciary duty claim, the Fifth Circuit stated:

> Turning to the facts of this case, Brown's complaint presents Bilek's alleged misbehavior in general terms that fall short of the heightened pleading requirements of Rule 9(b). Brown's complaint alleges that, "Bilek [ ] provided to the [*In re Enron*] Court information that was, in some cases patently and demonstrably false, and in other cases, grossly exaggerated, in order to justify a fee award for him and the law firms with whom he was affiliated." However, Bilek did not identify with particularity even one such piece of information, did not plead facts demonstrating why the information was patently and demonstrably false, and did not state to what extent it was exaggerated. His complaint further alleges, "Defendants breached [their] fiduciary duty by providing false information to the Court to justify a fee award, by violating the criminal laws, and by violating various attorney ethical obligations imposed by the State Bar of Texas." Brown does not support these general allegations with particular facts tending to show specifically what information was false, why the information was false, or which criminal laws and ethical obligations Bilek violated. After reviewing the facts of this case, we agree that Brown's complaint failed plead his allegations with the particularity required by Rule 9(b).

The Fifth Circuit affirmed the district court's dismissal of plaintiff's claim without opportunity to replead. *Bilek*, 401 Fed. Appx. at 894-95. Just like the plaintiff's allegations in *Bilek*, Plaintiff's allegations in Paragraph 33 of the Petition fail to identify even one false statement or how or why such statements were false. As such, Plaintiff fails to plead these allegations with the particularity required by Rule 9(b).

**In Paragraphs 34 and 35 of the Petition,** Plaintiff claims that defendants caused NCPA to "file a number of frivolous lawsuits against leaders of the Dallas business community," including a lawsuit against Mike Baggett, who Plaintiff claims

is "the most prominent attorney in Dallas." Plaintiff asserts that the pleadings in the Baggett lawsuit "contained false, defamatory, and highly salacious language . . . [in an attempt] to embarrass, humiliate, and extort money." As a threshold matter, the business judgment rule in Texas protects directors' and officers' decision "to pursue or forgo corporate causes of action." *Sneed v. Webre*, 465 S.W.3d 169, 178 (Tex. 2015). Plaintiff fails to plead any facts avoiding the business judgment rule with regard to these decisions. In addition, other than the Baggett lawsuit, Plaintiff does not identify any of these frivolous lawsuits against "leaders of the Dallas business community" or how or why they were "frivolous." With regard to the Baggett lawsuit, which Plaintiff asserts contained "false, defamatory, and highly salacious language," Plaintiff fails to specify the statements he contends were false, identify the speaker or speakers, or explain why the statements were false and defamatory, all in violation of Rule 9(b). Plaintiff fails to allege which, if any, of the defendants were involved in the decision to file this lawsuit. None of the facts demonstrate how the decision to sue Mike Baggett or other "leaders of the Dallas business community" constituted a breach of the duties of obedience, loyalty, or care. Again, Plaintiff fails to plead any facts negating the statutory safe harbor by showing that these decisions were not made (i) in good faith, (ii) with ordinary care, and (iii) in a manner reasonably believed to be in the best interest of the corporation.

**In Paragraph 39 of the Petition,** Plaintiff lists fifteen actions or omissions in subsections (a)-(o), again without identifying which, if any, of the defendants were

involved in each particular transaction. As shown in the table below, each of these allegations also fall short of satisfying the applicable pleading standard:

| **ALLEGATION** | | **DEFECT** |
|---|---|---|
| (a) | Defendants hired a CFO who later allegedly embezzled money. | Plaintiff fails to plead any facts showing that this decision was not made (i) in good faith, (ii) with ordinary care, and (iii) in a manner reasonably believed to be in the best interest of the corporation. For example, Plaintiff does not allege that defendants had any reason to know that Mr. Galloway would embezzle from the company. Plaintiff does not plead facts avoiding the reach of the business judgment rule, which protects directors and officers from liability from actions that may be negligent, unwise, inexpedient, or a result of mismanagement, neglect, or abuse of discretion. |
| (b) | Defendants failed to implement and observe unidentified "rigorous financial standards, policies, and procedures." | Plaintiff fails to identify even one financial standard, policy, or procedure that he claims was not followed. Even if he did however, Plaintiff again fails to plead any facts showing that this decision was not made (i) in good faith, (ii) with ordinary care, and (iii) in a manner reasonably believed to be in the best interest of the corporation. Plaintiff does not plead facts avoiding the reach of the business judgment rule, which protects directors and officers from liability from actions that may be negligent, unwise, inexpedient, or a result of mismanagement, neglect, or abuse of discretion. |
| (c) | Defendants hired unidentified executives "without requiring full time commitments." | Plaintiff fails to identify in particular which individuals NCPA hired who were not required to make full time commitments. Plaintiff fails to specify which executives fundraised for competing organizations. Again, |

| ALLEGATION | DEFECT |
|---|---|
| | Plaintiff fails to plead any facts showing that the initial decision to hire these unidentified individuals was not made (i) in good faith, (ii) with ordinary care, and (iii) in a manner reasonably believed to be in the best interest of the corporation. Plaintiff does not plead facts avoiding the reach of the business judgment rule, which protects directors and officers from liability from actions that may be negligent, unwise, inexpedient, or a result of mismanagement, neglect, or abuse of discretion. |
| (d) Defendants failed to "preserve the intellectual properties and online library of the NCPA." | Plaintiff summarily concludes that defendants failed to preserve intellectual properties but fails to specify which defendants, if any, were involved in this omission. Plaintiff fails to allege facts specifying how defendants failed to preserve intellectual property. Plaintiff does not plead facts avoiding the reach of the business judgment rule, which protects directors and officers from liability from actions that may be negligent, unwise, inexpedient, or a result of mismanagement, neglect, or abuse of discretion. |
| (e) Defendants "failed to maintain control" of NCPA's online library. | Plaintiff again summarily concludes that defendants failed to "maintain control" of the online library but fails to allege facts specifying how defendants failed to maintain control. Plaintiff does not plead facts avoiding the reach of the business judgment rule, which protects directors and officers from liability from actions that may be negligent, unwise, inexpedient, or a result of mismanagement, neglect, or abuse of discretion. |
| (f) Defendants sold NCPA's online library for an unspecified | Plaintiff fails to plead any facts showing that the decision to sell the domain |

| ALLEGATION | DEFECT |
|---|---|
| amount, which Plaintiff alleges was "minimal." | name was not made (i) in good faith, (ii) with ordinary care, and (iii) in a manner reasonably believed to be in the best interest of the corporation. Plaintiff fails to allege facts showing that NCPA did not receive a reasonably equivalent value in exchange for selling the rights to the NCPA domain name. Plaintiff does not plead facts avoiding the reach of the business judgment rule, which protects directors and officers from liability from actions that may be negligent, unwise, inexpedient, or a result of mismanagement, neglect, or abuse of discretion. |
| (g) Defendants "virtually gave away" the online library to an unidentified third party and "online documents are now lost to convenient internet access, forever." | Plaintiff fails to plead any facts showing that the decision to sell the domain name was not made (i) in good faith, (ii) with ordinary care, and (iii) in a manner reasonably believed to be in the best interest of the corporation. Plaintiff fails to allege facts showing that NCPA did not receive a reasonably equivalent value in exchange for selling the rights to the NCPA domain name. Plaintiff fails to show how, after selling the domain name to another party, defendants could possibly be liable for the buyer's subsequent treatment of the asset (*i.e.*, that resources are now allegedly lost "forever"). Plaintiff does not plead facts avoiding the reach of the business judgment rule, which protects directors and officers from liability from actions that may be negligent, unwise, inexpedient, or a result of mismanagement, neglect, or abuse of discretion. |
| (h) Defendants "showed a blatant disregard for the wishes of donors" and "the interest of creditors." | This legal conclusion must be disregarded. *Iqbal*, 556 U.S. at 678. Plaintiff fails to plead facts showing which, if any, of the defendants "showed |

| ALLEGATION | DEFECT |
|---|---|
| | a blatant disregard" for donors and creditors. Plaintiff fails to plead any facts whatsoever showing how defendant disregarded donors and creditors. |
| (i) Defendants failed to pay various expenses. | Plaintiff does not plead facts avoiding the reach of the business judgment rule, which protects directors and officers from liability from actions that may be negligent, unwise, inexpedient, or a result of mismanagement, neglect, or abuse of discretion. Companies that eventually file Chapter 7 and close their doors typically fail to pay their expenses leading up to the bankruptcy. Plaintiff fails to plead any facts showing how NCPA's failure to pay expenses can be linked to a breach of fiduciary duty by any of the Movants. |
| (j) "At the time the NCPA closed its doors, the organization could not communicate with the outside world over the internet, could not raise significant money, and could not access its own archives, records, and documents." | There is no breach alleged in this subparagraph. |
| (k) Defendants failed to "obtain the necessary authority" in unidentified "operations decisions." | Plaintiff summarily concludes that defendants failed to "obtain the necessary authority in operations decisions" but fails to plead any facts specifying how any of the defendants failed to obtain such authority or even what "operations decisions" he is referencing. Plaintiff does not plead facts avoiding the reach of the business judgment rule, which protects directors and officers from liability from actions that may be negligent, unwise, inexpedient, or a result of mismanagement, neglect, or abuse of discretion. |

| ALLEGATION | DEFECT |
|---|---|
| (l) Defendants failed to "obtain the necessary authority on the negotiation and sale of [unidentified] NCPA assets." | Plaintiff again summarily concludes that defendants failed to "obtain the necessary authority on the negotiation and sale of NCPA assets" but fails to plead any facts specifying how any of the defendants failed to obtain such authority. Plaintiff fails to plead facts showing how defendants would have obtained such authority. Plaintiff fails to allege how or why such failure caused harm to NCPA or a benefit to any of the Movants. Plaintiff fails to identify which assets he is referencing. Plaintiff does not plead facts avoiding the reach of the business judgment rule, which protects directors and officers from liability from actions that may be negligent, unwise, inexpedient, or a result of mismanagement, neglect, or abuse of discretion. |
| (m) Defendants "began stripping out [unidentified] assets" and sold them at "below market value." | In violation of Rule 9(b), Plaintiff fails to specify which, if any, of the defendants were involved in "stripping out assets." Plaintiff fails to identify any asset that was sold for less than its highest offer. |
| (n) Defendants "mismanaged" unidentified funds and "illegally and improperly" used them for operating costs. | In violation of Rule 9(b), Plaintiff fails to specify which, if any, of the defendant were involved in "illegally and improperly" using money for operating costs. Plaintiff fails to plead facts showing how such use would be illegal or improper. Plaintiff does not plead facts avoiding the reach of the business judgment rule, which protects directors and officers from liability from actions that may be negligent, unwise, inexpedient, or a result of mismanagement, neglect, or abuse of discretion. |
| (o) Defendants failed to share meeting minutes with | Plaintiff fails to identify which members requested meeting minutes and were denied such access. Plaintiff fails to |

| ALLEGATION | DEFECT |
|---|---|
| unidentified members of the board. | allege facts showing that the person requesting the minutes was entitled to view them. Plaintiff does not plead facts avoiding the reach of the business judgment rule, which protects directors and officers from liability from actions that may be negligent, unwise, inexpedient, or a result of mismanagement, neglect, or abuse of discretion. |

## CONCLUSION

From the essential elements of a breach of fiduciary duty claim, it is clear that Plaintiff failed to plead sufficient facts as to *any* of the elements with respect to these Movants. First, Plaintiff has failed to plead any facts showing that a fiduciary relationship existed between with any of the Movants at the time of any of the complained of transactions or occurrences. In addition, because this Court held that Plaintiff does not own NCPA's cause of action for breach of fiduciary duties against NCPA's directors and officers, Plaintiff cannot show that Movants owed him any fiduciary duty at all. *See* Doc. No. 31.

Second, Plaintiff failed to allege any facts showing how any of the specific Movants breached their fiduciary duties to Plaintiff. Plaintiff failed to show how any of the actions above constituted breaches of Movants duties of obedience, loyalty, or care. Plaintiff failed to allege facts to avoid operation of the business judgment rule. Plaintiff has not identified any facts addressing the safe harbor elements of Texas Business Organizations Code, which under Texas law, are his burden to prove. Instead, Plaintiff summarily states that "Defendants' actions were not in good faith,

26

with ordinary care, or in a manner reasonably believed to be in the best interest of the NCPA." Petition, ¶ 42. However, without any specific facts linked to this legal conclusion, it must be disregarded. *Iqbal*, 556 U.S. at 678.

Finally, Plaintiff failed to allege any facts showing how any of the Movants' alleged breaches resulted in injury to Plaintiff or benefit to any of the Movants. As mentioned above, because this Court held that Plaintiff does not own NCPA's cause of action for breach of fiduciary duties against NCPA's directors and officers, Plaintiff cannot show that any alleged breach caused him harm. In addition, Plaintiff has failed to plead any facts showing that any of the specific Movants benefited from any of the transactions mentioned in the Petition. Plaintiff never alleged that any of the Movants engaged in self-dealing or usurped any corporate opportunities. Defendant Gross, in particular, never received any income or benefits from his position at NCPA. Accordingly, the Court should dismiss Plaintiff's claims against Movants because Plaintiff does not own the claims he is asserting and because Plaintiff fails to allege sufficient facts to state a claim upon which relief may be granted.

**WHEREFORE,** Movants respectfully request the Court to enter an order: (i) dismissing with prejudice all claims against Movants; and (ii) granting Movants such other and further relief, whether at law or in equity, to which they may be justly entitled.

Respectfully Submitted,

/s/ *Stephen A. Kennedy*
Stephen A. Kennedy
State Bar No. 11300425

**KENNEDY LAW, P.C.**
1445 Ross Ave. Suite 2750
Dallas, TX 75202
Tel.: (214) 716-4343
Fax: (214) 593-2821
*skennedy@saklaw.net*

COUNSEL FOR DEFENDANTS
WILLIAM GROSS AND DENNIS
MCCUISTION

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2020, a true and correct copy of the foregoing was served, upon filing, via the Court's CM/ECF system upon those parties subscribing thereto and on the following parties in the manner indicated below:

/s/ *Stephen A. Kennedy*
Stephen A. Kennedy

**VIA EMAIL AND FIRST CLASS MAIL, POSTAGE PREPAID**

Darrell W. Cook
Catherine A. Keith
DARRELL W. COOK & ASSOCIATES
6688 North Central Expressway, Suite 1000
Dallas, Texas 75206
dwcook@attorneycook.com
catherine@attorneycook.com

*Counsel for Defendants*

**VIA FIRST CLASS MAIL, POSTAGE PREPAID**

Allen B. West
9925 Wood Forest Drive
Dallas, Texas 75243

**VIA EMAIL AND FIRST CLASS MAIL, POSTAGE PREPAID**

R. Heath Cheek
Russell W. Mills
R. Kent Love
Bell Nunnally & Martin, LLP2323 Ross Ave., Suite 1900
Dallas, Texas 75201
Hcheek@bellnunnally.com
Klove@bellnunnally.com

*Counsel for Defendants James Amos, Jr., Ronald S. Ivy, Jacki Pick, Reagan Stewart, and Michael L. Whalen*

H.N. Cunningham, III
John P. Tufnell
13155 Noel Rd., Suite 900
Dallas, Texas 75240
hnciii@aol.com
jtufnell@gmail.com

*Counsel for Defendant Stephen A. Batman*